UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bradley Hoyt, 430 Oak Grove, LLC, and Continental Property Group, Inc., | Civil No. 10-CV-3680 (SRN/FLN) |
| Plaintiffs, | ORDER |
| v. | |
| Lisa R. Goodman, Scott Mayer, and Michael Marn, | |
| Defendants. | |

LuAnn M. Petricka, Petricka Law Firm, PA, 527 Marquette Ave. South, Suite 2100, Minneapolis, Minnesota 55402; Rolin L. Cargill & William R. Skolnick, Skolnick & Shiff, PA, 527 Marquette Ave. South, Suite 2100, Minneapolis, Minnesota 55402, for Plaintiffs

Charles N. Nauen & Gregory J. Myers, Lockridge, Grindal, Nauen, PLLP, 100 Washington Ave. South, Suite 2200, Minneapolis, Minnesota 55401, for Defendant Goodman

Christopher J. Hoffer, Bolt & Hoffer Law Firm, 3340 Northdale Blvd. Northwest, Suite 130, Coon Rapids, Minnesota 55448, for Defendants Mayer and Marn.

SUSAN RICHARD NELSON, United States District Court Judge

Before the Court is the Motion to Dismiss filed by Defendant Goodman [Doc. No. 3] and the Motion to Dismiss filed by Defendants Mayer and Marn [Doc. No. 13]. Alternatively, Defendants move to stay this matter pending final resolution of a related state court proceeding. A hearing on Defendants' motions was held before the undersigned judge on February 23, 2011. For the reasons set forth below, the Court stays the current action.

I.      BACKGROUND

This litigation, in which Plaintiffs allege civil conspiracy and violations of 42 U.S.C. §

1983 against Minneapolis City Council Member Lisa Goodman, and Minneapolis residents Scott Mayer and Michael Marn, concerns a proposed property development known as Parc Centrale. Plaintiff 430 Oak Grove, LLC ("Oak Grove") is the current owner of real property located in the Loring Park area of Minneapolis, Minnesota, on which Park Centrale was to be built. (Complaint ¶¶ 1-2.) Plaintiff Continental Property Group, Inc. ("CPG") owned an option to purchase the property during the relevant time period, and Plaintiff Bradley Hoyt is the sole owner of Oak Grove and CPG. (Id. ¶ 3.)

### A.     The Proposed Property Development

In late 2003, CPG hired an architecture firm to design plans for Parc Centrale and to assist in the process of applying for land use permits and variances. The initial plans for Parc Centrale consisted of a 21-story tower containing residential condominiums, townhouses and commercial space. The zoning requirements in the area restricted building heights to six stories or 84 feet. (Id. ¶¶ 10-11.)   In addition, because the property in question was located in a certain area near Loring Pond, it was subject to a stricter height restriction of two and one-half stories, although Plaintiffs contend this more limited restriction was not typically imposed upon applicants. (Id. ¶ 14.)

In July 2004, Plaintiffs applied for conditional use permits (one of which was an application to exceed the height restriction), two variances, and a site plan review. (Id. ¶ 19.) Plaintiffs allege that Defendants Goodman, Mayer and Marn conspired to organize opposition to Plaintiffs' Parc Centrale applications. (Id. ¶¶ 19-20.)   The City's Community Planning and Economic Development ("CPED") staff reviewed Plaintiffs' applications and issued a 14-page report recommending that the City's Planning Commission deny the requested variances and

conditional use permits.  The Planning Commission voted to adopt the CPED's recommendation and denied Plaintiffs' requests for the variances and conditional use permits.  (Id. ¶ 22.) Plaintiffs appealed the decision to the City Council's Zoning and Planning Committee, made up of five city council members, including Defendant Goodman.  (Id. ¶ 23.)   At a September 15, 2004 quasi-judicial proceeding, the Zoning and Planning Committee considered testimony from CPED staff, Plaintiffs' representatives and neighbors, and ultimately recommended the denial of Plaintiffs' appeal.  (Id.)   In September 2004, the full City Council adopted the findings and recommendations of the Zoning and Planning Committee. (Id. ¶ 24.)

Plaintiffs contend that Defendant Goodman lobbied certain council members to vote against the project and enlisted Defendants Mayer and Marn to similarly lobby members of the Zoning and Planning Committee.  (Id. ¶ 26.)  Specifically, Plaintiffs contend that Goodman sent email messages in which she falsely accused Plaintiff Hoyt of threatening her, that Marn and Mayer presented a petition to the Zoning and Planning Commission distorting the neighborhood opposition to Parc Centrale, and that Goodman characterized supporters of the project as "nuts," and Plaintiff Hoyt as a "scumbag."  (Id. ¶¶ 26, 31.)  Plaintiffs further allege that, despite receiving advice from the Minneapolis City Attorney's Office concerning proper, non-biased conduct when conducting quasi-judicial proceedings and the need for due process and a fair hearing,  Defendant Goodman nonetheless emailed her constituents just days before the September 15, 2004 hearing, telling them that she would 'vociferously advocate against' the appeal.  (Id. ¶¶ 28-29.)

In February 2005, Plaintiffs allege that Defendants were working to establish a moratorium to stop any modified development of the property by Plaintiffs.  (Id. ¶ 33.)  At the

3

time, Defendant Marn was a member of the Citizens for a Loring Park Community land use planning committee.  (Id. ¶ 33.)  Defendant Goodman emailed Mayer, "Please do not pass this email to your friends and neighbors as a moratorium is a very heavy-handed legal action and I need to make sure we have good grounds to act on one prior to doing so."  (Id. ¶ 34.)  In May 2005, the City Council passed the construction moratorium for the Loring Hill area, to allow for a study to "inform the future of the area." (Mpls. Ord. Chap. 579, Ex. 10 to Myers Aff.)  The moratorium was to expire on April 1, 2006.  (Id.)   At the time, the only pending application impacted by the moratorium was a revised application of Plaintiff CPG for the property in question.  (Complaint ¶ 39.)  Plaintiffs formally requested a waiver from the moratorium, which the City Council's Zoning and Planning Committee rejected on May 5, 2004.  (Id. ¶ 44.)

      B.      **State Court Litigation**

In March 2007, Plaintiffs Hoyt and CPG filed suit in state court against the City of Minneapolis alleging violations of due process and equal protection, seeking declaratory and injunctive relief, damages and attorney's fees under 28 U.S.C. § 1983.  (See Hennepin Cty. Dist. Ct. Order of 9/16/09 at 5, Ex. 1 to Affidavit of Gregory J. Myers in Supp. Def. Goodman's Mot. to Dismiss.)   In August 2008, the state court heard the City's motion for summary judgment, subsequently granting it as to the plaintiff's equal protection claim, but denying it as to the due process claim. (Id.)

After an attempt by the City to remove the case to federal court, the case was remanded to the Hennepin County District Court on February 12, 2009.  (Id. at 6.)  The City then moved the district court for reconsideration of its summary judgment order and asked that the case be dismissed on the grounds that the plaintiffs failed to make a required showing of hardship in its

application for variances. The district court found that the plaintiffs did not make a showing of hardship in connection with the request for variances as part of their application, but allowed plaintiffs to argue at trial that there was an additional equal protection violation in the treatment of the plaintiffs' application compared to other applications (i.e., plaintiffs could submit evidence that the City routinely ignored the hardship requirement). (Hennepin Cty. Dist. Ct. Order of 5/7/09, Ex. 14 to Myers Aff.; Hennepin Cty. Dist. Ct. Order of 4/29/10 at 4-5, Ex. 3 to Affidavit of Andrew H. Bardwell.)

The matter was tried in a bench trial in the summer of 2009. In its Findings of Fact, Conclusions of Law and Order, Hennepin District Court Judge Stephen Aldrich dismissed the plaintiffs' equal protection claim, finding that the plaintiffs had failed to establish an essential element of their claim, namely, that other applicants who did not demonstrate hardship were nevertheless granted a variance. (Hennepin Cty. Dist. Ct. Order of 9/16/09 at 11, Ex. 1 to Myers Aff.) The district court also dismissed the plaintiffs' substantive due process claim, concluding that the City had multiple rational bases on which to deny the proposal. However, the court found a procedural due process violation in light of Council Member Goodman's improper and impermissible advocacy efforts and ordered a separate phase of trial on remedies and damages. (Id. at 20.)

In the remedies and damages phase of trial, held on December 21-23, 2009, the plaintiffs sought lost profits of over $23 million (which they subsequently reduced to $11.6 million), out-of-pocket expenses of over $250,000 and attorney's fees and costs of over $522,000. (Def. Goodman's Mem. Supp. Mot. Dismiss at 8.) The district court awarded the plaintiffs $165,369 in compensatory damages for out-of-pocket expenses and $357,523 in attorney's fees and costs.

(Hennepin Cty. Dist. Ct. Order of 4/29/09, Ex. 17 to Myers Aff.)  The City appealed and the plaintiffs cross-appealed.  The Minnesota Court of Appeals heard oral argument on February 17, 2011.

Plaintiffs filed the instant suit in July 2010 in state court and Defendant Goodman removed the case to federal court in August 2010.  In their motions to dismiss, filed in August and October, 2010, Defendants argue: (1) that Plaintiffs' claims are barred by the results in state court; (2) that Plaintiffs' claims are barred by immunity; (3) that Plaintiffs' claims fail on the merits; (4) Plaintiffs should compensate Defendants for attorney's fees and costs in defending this litigation; and (5) alternatively, Defendants argue that the Court should stay this matter pending the outcome of the appeal in state court.[1]  Plaintiffs do not oppose the alternative request to stay the proceedings pending the outcome of the state court appeal.

## II.    DISCUSSION

A district court may consider abstaining from exercising jurisdiction in a case in which a parallel state court proceeding is pending.  See Cincinnati Indem. Co. v. A & K Constr. Co., 542 F.3d 623, 624-25 (8th Cir. 2008).  Pursuant to the doctrine of abstention outlined in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), "[t]he Supreme Court has noted that when an action in federal court is closely related to an action already pending in state court, prudential factors should be considered when deciding whether to exercise federal jurisdiction." CompuCredit Holdings Corp. v. Akanthos Capital Mgt, LLC, 10-CV-1213

---

[1] Counsel for Defendants Mayer and Marn argued at the hearing that a decision on the merits could be made as to his clients without regard to the pending decision of the Minnesota Court of Appeals. However, the motion to dismiss filed by Mayer and Marn likewise includes the alternative request for a stay of the proceedings. (Mot. to Dismiss by Mayer & Marn, Doc. No. 13.)

(JRT/JJK), 2011 WL 124220, at * 4 (D. Minn. Jan. 14, 2011) (citing Colorado River, 424 U.S. at 817-20.)   In such instances, the federal court may consider staying or dismissing the federal action. Mahnke v. Executive Tans, USA, LLC, 07-CV-1416 (DSD/JJG), 2007 WL 2340056 at *2 (D. Minn. Aug. 13, 2007).   However, the Court is mindful that under the Colorado River standard, a federal court should only abstain from a case in which there are parallel state proceedings for "exceptional circumstances."  Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 792 (8th Cir. 2008).  Federal and state court proceedings are sufficiently closely related if there is a substantial similarity between the proceedings such that "there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in federal court." Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 535 (8th Cir. 2009).

Under Colorado River, the Court considers the following factors to determine whether circumstances warrant abstention: (1) whether either court has assumed jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the parties' rights.  Colorado River, 424 U.S. at 818.

In this case, the first two factors are neutral and of little significance.  While the background to these cases involves the development of real property, the legal claims involve civil conspiracy, § 1983 and constitutional violations, over which both this Court and Hennepin County District Court have jurisdiction.  Also, both courts are equally convenient to the parties.  The third factor, however, is significant.  The state court action involves the same underlying facts, issues and substantially-related parties.   The state court appeal is pending and unless this

Court abstains, it risks reaching an inconsistent ruling.  The fourth factor weighs in favor of abstention, as the state court action has advanced through trial and is now on appeal, whereas the federal action was more recently filed.  The fifth factor does not weigh in favor of, or against, abstention, as the state court proceedings involve both state and federal law and Defendants Marn and Mayer have raised state law defenses in the federal action.  Lastly, the sixth factor is significant "only where one of the forums is inadequate to protect a party's rights." Fru-Con Constr., 574 F.3d at 539.  Here, neither system is inadequate to protect the parties' rights, therefore this factor is not relevant.  See Nabholz Constr. Corp. v. Beck, 699 F.Supp.2d 1101, 1106-08 (E.D. Mo. 2010).

     On balance, this Court concludes that a stay of the current proceedings is appropriate.  The risk of ruling in a manner inconsistent with the state court is significant.  Moreover, the ruling from the Minnesota Court of Appeals is expected shortly.  Accordingly, the Court grants Defendants' alternative request for a stay of this litigation. The parties shall notify the Court when the Minnesota Court of Appeals issues a ruling on the pending appeal and shall also notify the Court if any party in the state court proceeding seeks review with the Minnesota Supreme Court.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendants' Motions to Dismiss [Doc. Nos. 3 & 13] are **GRANTED in part,** such that the current action is **STAYED**, pending resolution of the state court appeal and further Order of the Court.

Dated:   March 29, 2011

                                                  s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Court Judge